UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RACE DAY STABLE, LLC,

                    Plaintiff,

      -against-

EBERT VANS INC. et al.,

                    Defendants.
-----------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/12/08

08 Civ. 4220 (PKC)

ORDER

P. KEVIN CASTEL, U.S.D.J.:

        Plaintiff Race Day Stable, LLC brings this action invoking subject matter jurisdiction by reason of diversity of citizenship, 28 U.S.C. § 1332. Race Day Stable, LLC is alleged to be a limited liability company. A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of the limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company. See Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48, 51-52 (2d Cir. 2000)( citing Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir.1998)); Strother v. Harte, 171 F.Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."). Rule 8(a), Fed. R. Civ. P.

        The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. It falls upon the district court to raise issues of subject matter jurisdiction sua sponte lest parties who prefer a federal forum remain silent about a deficiency in the court's jurisdiction. Valuable time of litigants and the court is wasted when a case must be dismissed months or years down the road for want of jurisdiction. The waste is all the more unfortunate because the parties could have litigated the claims in state court.

        By May 28, 2008, plaintiff shall amend its complaint to allege the citizenship of

each constituent person or entity of the plaintiff limited liability company (including the state of incorporation and principal place of business of any entity member) and the state of incorporation and principal place of business of each defendant. If, by the foregoing date, plaintiff is unable to amend to truthfully allege complete diversity of citizenship, then the complaint will be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

P. Kevin Castel
United States District Judge

New York, New York
May 12, 2008