Jonathan C. Uretsky [JU-9612]
Faun M. Phillipson [FP-3289]
Phillipson & Uretsky, LLP
*Attorneys for Plaintiff Race Day Stable, LLC*
111 Broadway, 8th Floor
New York, New York  10006
(212) 571-1255

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
RACE DAY STABLE, LLC,                                :
                                                     :     Index No.: 08 CIV 4220
                                                     :
                    Plaintiff,                       :
                                                     :     Judge Castel/Magistrate Judge Peck
     -against-                                       :
                                                     :
EBERT VANS INC. and                                  :
WILLIAM TERRILL,                                     :
                                                     :     Demand for Jury Trial
                    Defendants.                      :
-------------------------------------------------------X

## SECOND AMENDED COMPLAINT

Plaintiff Race Day Stable, LLC, by and through its attorneys Phillipson & Uretsky, LLP, alleges as follows:

### NATURE OF PROCEEDINGS

1.  This case involves the transportation – and subsequent injury and death – of a thoroughbred gelding known as "Please Be Quick." Defendant Ebert Vans Inc. was paid to transport three (3) of Plaintiff's horses from In Front Training Center, located near Ghent, New York, to Belmont Park, on the border of Queens and Nassau County.

2.  At some point during transport, motorists informed the driver of the van that one of the horses, named "Please Be Quick," had gone through the floor of the van and his leg was being

shredded apart as the vehicle moved, as if someone was using a belt sander to scrape away Please Be Quick's leg down to the bone.

3. Please Be Quick had to be euthanized as a result of the injuries he sustained.

4. The Plaintiff seeks compensation for the damages sustained due to the loss of Please Be Quick, based on theories of negligence, property damage and loss, *res ipsa loquitor*, breach of implied contract, and bailee liability/breach of implied warranty.

## THE PARTIES

5. Plaintiff Race Day Stable, LLC is a limited liability company organized under the laws of the State of Connecticut with a principal place of business in Newington, Connecticut. The owners of Race Day Stable, LLC are as follows:

    a. Kerin & Kerin, LLC, organized under the laws of the State of Connecticut and with a principal place of business in W. Hartford, CT, 06133;

        i) The owners of Kerin & Kerin, LLC are Mark E. Kerin and Matthew Kerin (each of whom are residents of the State of Connecticut);

    b. Mark E. Kerin, (also owner of Kerin & Kerin, LLC), Hartford, CT 06105;

    c. Dennis J. Donovan, of Rocky Hill, CT 06067;

    d. Mark R. Fisher, of North Easton, MA 02356;

    e. Richard J. Libardoni, of Somerville, MA 02643;

    f. David S. Bornstein, of Newington, CT 06111;

    g. Frank J. Greco, of Wethersfield, CT 06109;

    h. Edward J. Mullarkey Jr., of Wethersfield, CT 06109;

    i. Gregory G. Hutchings, of West Hartford, CT 06107.

6. Defendant Ebert Vans Inc., organized under the laws of the State of New York, is a New York Corporation, which, upon information and belief, is based in Elmont, New York, and New Hyde Park, New York, and owned entirely by William Terrill, with a principal place of business in Elmont, New York.

7. Defendant William Terrill, upon information and belief, was the Chairman and/or Chief Executive Officer of Ebert Vans Inc. during the relevant time period, and is named as a defendant in his capacity as an officer of the corporate defendant, Ebert Vans Inc.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a), because the Plaintiff is a Connecticut LLC, the owners of the Plaintiff LLC are all from states other than New York, the Defendants are a New York Corporation and its CEO, and the amount in controversy exceeds $75,000.

9. This Court is a proper venue for this action because the incident in question occurred in this district (specifically, on the Cross-Bronx Expressway, near Webster Avenue).

10. Further, in connection with the conduct alleged in this Complaint, the Defendants directly or indirectly made use of the means or instruments of transportation in interstate commerce.

## FACTS

11. On or about February 21, 2007, a van owned by Defendant Ebert Vans, Inc. was transporting four (4) horses form a horse farm upstate in Ghent, NY to Belmont Park Raceway.

12. One of the horses was Please Be Quick, a 3-year-old gelding.

13. At or about 4:00 p.m., the van was riding along the Cross-Bronx Expressway, when several motorists noticed that the left hind leg of Please Be Quick, a dark bay thoroughbred, was dangling all the way down and being ground to the bone by the rear tire of the van.

14. The motorist(s) yelled to the driver, named William Williams, who stopped the vehicle and waited for authorities to arrive.

15. Please Be Quick had suffered a gruesome injury, with an 11-inch chunk of his leg missing.

16. Please Be Quick was taken by an equine ambulance to Belmont, where he was treated by Dr. Kristian Rhein, a veterinarian.

17. Dr. Rhein diagnosed the injury, determining that the damage was both grisly and irreparable.

18. According to Dr. Rhein, the effect of Please Be Quick's hind leg dangling near the van's wheel well was as if a belt sander had been used to scrape the leg down to the bone. A picture of the injury is annexed hereto as Exhibit A.

19. Dr. Rhein contacted veterinary surgeons around the country, asking for advice, but to no avail.

20. An infection had already taken hold, and an amputation of the leg in question would likely have caused laminitis in Please Be Quick's remaining hind leg (laminitis is a painful, often deadly condition resulting from uneven distribution of weight; laminitis briefly became part of the popular consciousness when Kentucky Derby winner Barbaro was euthanized after developing the condition).

21. With no other options available, Please Be Quick was euthanized the same day.

22. Prior to the incident, Please Be Quick had won one of nine starts, and finished "in the money" in five of nine races.

23. WCBS quoted the driver, Mr. Williams, as saying, "The floor must have come loose in the van and the horse's leg came through."

24. Please Be Quick was in perfect condition before Defendant Ebert Vans Inc. gained custody of him.

25. Since horses do not kick downward (a horse's substantial force generated by its legs is from a pulling motion, from forward to back), Please Be quick could not have exerted the force that would have been necessary to breach through the floor.

26. If the van's floor had been properly maintained, Please Be Quick could not have fallen through it.

27. Please Be Quick would not have sustained a grisly and irreparable injury on February 21, 2007 had Defendant Ebert Vans properly maintained its van.

28. Please Be Quick would not have been euthanized on February 21, 2007 had Defendant Ebert Vans properly maintained its van.

## COUNT I -- NEGLIGENCE - PROPERTY DAMAGE

29. Paragraphs 1 through 28 are re-alleged and incorporated by reference.

30. Defendant Ebert Vans Inc. owed a duty to both Please Be Quick and the Plaintiff to care for Please Be Quick and ensure he was transported safely while in the custody of Ebert Vans Inc.

31. According to the driver, Mr. Williams, "The floor must have come loose in the van and the horse's leg came through." As such, Defendant Ebert Vans Inc. breached the duty it owed to Please Be Quick and the Plaintiff.

32. If the van's floor had been properly maintained, Please Be Quick could not have fallen through it.

33. Please Be Quick would not have sustained a grisly and irreparable injury on February 21, 2007 had Defendant Ebert Vans Inc. properly maintained its van.

34. Please Be Quick would not have been euthanized on February 21, 2007 had Defendant Ebert Vans Inc. properly maintained its van.

35. Defendant Ebert Vans Inc.'s breach of the duty it owed to Please Be Quick and Plaintiff directly and proximately caused the injuries and death of Please Be Quick.

36. As a result of Defendant Ebert Vans Inc.'s negligence, Plaintiff incurred expenses for Please Be Quick's medical treatment, euthanasia and post-mortem examination; suffered damages for the loss of Please Be Quick; burial expense for Please Be Quick; and fees paid to trainers and veterinarians to help train and care for Please Be Quick.

37. On Count I of this Complaint, Plaintiff prays that it be awarded judgment against the Defendants, jointly and severally, for damages to be determined by the Court, but in excess of $100,000.00, together with an award of reasonable attorney's fees and costs, and for all other and further relief to which it may be entitled and which the Court deems just and equitable.

## COUNT II -- RES IPSA LOQUITUR

38. Paragraphs 1 through 37 are re-alleged and incorporated by reference.

39. At the time Please Be Quick was injured, Please Be Quick was under Defendant Ebert Vans Inc.'s exclusive control and management.

40. According to the driver, Mr. Williams, "The floor must have come loose in the van and the horse's leg came through."

41. This is an event that would not have occurred absent negligence of Defendant Ebert Vans Inc.

42. Absent the negligence of Defendant Ebert Vans Inc. while Please Be Quick was under its exclusive control and management, Please Be Quick could not have fallen through the floor of the van.

43. Absent the negligence of Defendant Ebert Vans Inc. while Please Be Quick was under its exclusive control and management, Please Be Quick could not have not sustained a grisly and irreparable injury on February 21, 2007.

44. Absent the negligence of Defendant Ebert Vans Inc. while Please Be Quick was under its exclusive control and management, Please Be Quick would not have been euthanized on February 21, 2007.

45. As a result of Defendant Ebert Vans Inc.'s negligence, Plaintiff incurred expenses for Please Be Quick's medical treatment, euthanasia and post-mortem examination; suffered damages for the loss of Please Be Quick; burial expense for Please Be Quick; and fees paid to trainers and veterinarians to help train and care for Please Be Quick.

46. On Count II of this Complaint, Plaintiff prays that it be awarded judgment against the Defendants, jointly and severally, for damages to be determined by the Court, but in excess of $100,000.00, together with an award of reasonable attorney's fees and costs, and for all other and further relief to which it may be entitled and which the Court deems just and equitable.

## COUNT III -- BREACH OF IMPLIED CONTRACT

47. Paragraphs 1 through 46 are re-alleged and incorporated by reference.

48. Defendant Ebert Vans Inc. agreed to act as a carrier of Plaintiff's property, namely, Please Be Quick, in exchange for payment by Plaintiff for such services. This constitutes a valid and binding contract.

49. In the course of performing the services of the implied contract, specifically, transporting Please Be Quick to Belmont Park Raceway, Defendant Ebert Vans Inc. breached the parties' implied contract by injuring Please Be Quick and causing him grisly, irreparable injuries.

50. As a direct result of Defendant Ebert Vans Inc. causing grisly, irreparable injuries to Please Be Quick, Please Be Quick ultimately required euthanasia.

51. As a result of Defendant Ebert Vans Inc.'s actions, Plaintiff incurred expenses for Please Be Quick's medical treatment, euthanasia and post-mortem examination; suffered damages for the loss of Please Be Quick; burial expense for Please Be Quick; and fees paid to trainers and veterinarians to help train and care for Please Be Quick.

52. On Count III of this Complaint, Plaintiff prays that it be awarded judgment against the Defendants, jointly and severally, for damages to be determined by the Court, but in excess of

$100,000.00, together with an award of reasonable attorney's fees and costs, and for all other and further relief to which it may be entitled and which the Court deems just and equitable.

### COUNT IV -- BREACH OF IMPLIED WARRANTY/BAILEE'S LIABILITY

53.     Paragraphs 1 through 52 are re-alleged and incorporated by reference.

54.     Defendant Ebert Vans Inc. agreed to act as a carrier of Plaintiff's property, namely, Please Be Quick, in exchange for payment by Plaintiff for such services, and in doing so, was entrusted with Plaintiff's property – Please Be Quick.

55.     As such, a bailment was created, in that Defendant Ebert Vans Inc. as the carrier/bailee impliedly warranted that it would return Please Be Quick to Plaintiff or Plaintiff's agent in the same sound condition in which Please Be Quick was turned over to Defendant Ebert Vans, Inc.

56.     Defendant Ebert Vans Inc., however, in the course of the bailment, breached the implied warranty by causing the grisly, irreparable injuries from which Please Be Quick never recovered.

57.     This is a breach of the implied warranty that Please Be Quick would be returned in the same condition as he was received.

58.     As a direct result of Defendant Ebert Vans Inc. causing grisly, irreparable injuries to Please Be Quick, Please Be Quick ultimately required euthanasia. Therefore, Defendant Ebert Vans, Inc., as bailee, is liable for the value of the bailment it failed to return to Plaintiff.

59.     On Count IV of this Complaint, Plaintiff prays that it be awarded judgment against the Defendants, jointly and severally, for damages to be determined by the Court, but in excess of

$100,000.00, together with an award of reasonable attorney's fees and costs, and for all other and further relief to which it may be entitled and which the Court deems just and equitable.

**WHEREFORE**, Plaintiff prays for relief and judgment, against the Defendants, jointly and severally, as follows:

    (a)    for compensatory damages to be determined by the Court, but in excess of $100,000.00;

    (b)    for an award of reasonable attorney's fees and costs, including counsel fees, litigation expenses, and expert fees; and

    (c)    for all such other and further relief to which it may be entitled and which the Court deems just, proper and equitable.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
       July 31, 2008

                              Respectfully submitted,

                         By: _____/s/ Jonathan C. Uretsky_____

                              Jonathan C. Uretsky (JU 9612)
                              Faun M. Phillipson (FP 3289)
                              Phillipson & Uretsky, LLP
                              111 Broadway, 8th Floor
                              New York, NY  10006
                              Phone (212) 571-1255
                              Fax (212) 571-1167
                              Email: uretsky@phillipson-uretsky.com

                              Attorneys for Plaintiff
                              Race Day Stable, LLC

*Exhibit "A"*

